### HENRIQUES et al. v. GARSON et al.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

FRIVOLOUS PLEADINGS—JUDGMENT.

     In an action brought by the alleged heirs of a testatrix for the partition of lands which the will purported to devise to others, and based on the alleged invalidity of the will, defendant denied plaintiffs' heirship, and set up a claim through the alleged true heir. The reply denied the allegation that plaintiffs were not the heirs. *Held* that, as on the pleadings merely the question of who were the heirs was one involving argument, it could not be decided on a motion for judgment on the ground that the reply was frivolous.

Appeal from special term.

Action by Leila O. Henriques and another against Minnie Garson and others. From an order granting a motion for judgment on plaintiffs' reply as frivolous, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Delos McCurdy, for appellants.

T. G. Shearman, for respondents.

PATTERSON, J. This is an appeal from an order granting a motion for judgment on the reply of the plaintiffs to the answer of the defendant Minnie Garson in this action. The motion was made and granted on the ground that the reply was frivolous. The plaintiffs claimed to be heirs at law of Miriam A. Osborn, the mother of Howell Osborn. Minnie Garson set up in her answer that they were not the heirs at law of Mrs. Osborn, but that her son, Howell Osborn, was. She annexed to her answer a copy of his will, through

which she claimed title to the property sought to be partitioned, or some interest in it.  She also alleged that it had been adjudicated in an action brought by the executor of Howell Osborn's will, to which action these plaintiffs were parties, that such will was a valid will of both real and personal property.  The plaintiffs were ·compelled by the court to reply to that answer, and therein they denied the allegation of the answer that they were not the heirs at law of Miriam A. Osborn.  They also denied that the will mentioned in the defendant Garson's answer was the last will and testament of Howell Osborn, or that the same was a valid will, or that it was validly executed; and they alleged, on the contrary, that it was not validly executed, but was procured by undue influence.  They also admitted the death of Howell Osborn, and the bringing of the action by the executor to establish his will, and that the plaintiffs were made parties to that action, and appeared therein.  The foregoing are the important allegations of the reply, omitting some that were stricken out upon motion.

While it is true that this reply, or so much of it as is preserved, does not attack the validity of the judgment, it is altogether clear that it cannot be declared to be simply a frivolous pleading.  It has been so frequently decided that such a pleading is one a simple inspection of which suffices to show that it presents nothing for consideration or discussion, that it is useless to refer to authorities upon that subject.  It is a question on these pleadings (and we are now speaking only of the pleadings) as to who were the heirs at law of Miriam A. Osborn; and that is a question which could not be decided properly on a motion for judgment on the ground of the frivolousness of this reply.  It is one which involves argument, and it remains as a question in the case on the pleadings between the parties to this motion.  The question here is not as to any practical benefit the plaintiffs may acquire by continuing the litigation; it is as to the correctness of the practice in granting judgment where such an issue is open and undetermined between the parties, and for that reason we think the order made on this motion is wrong, and that it must be reversed, with costs.  All concur.